# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

|  |  |  |
|---|---|---|
| **ASHLEY HAMILTON**<br>**1002 R. White Road**<br>**Summer Shade, Kentucky 42166** | ) ) ) | |
| | ) | |
| **PLAINTIFF,** | ) ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) ) | 1:23CV-66-GNS |
| | ) | |
| **TOMPKINSVILLE DRUGS, LLC**<br>**1513 Edmonton Road**<br>**Tompkinsville, Kentucky 42167** | ) ) ) | ***COMPLAINT AND*** |
| | ) | ***JURY DEMAND*** |
| **SERVE: Johnie Paul Nixon**<br>**1513 Edmonton Rd.**<br>**Tompkinsville, KY 42167** | ) ) ) ) | |
| | ) | |
| **and** | ) | *ELECTRONICALLY FILED* |
| | ) | |
| **JOHNIE NIXON and JILL NIXON,**<br>**in their respective capacities as**<br>**agents and/or employees of Tompkinsville**<br>**Drugs, LLC and in their respective**<br>**individual capacities**<br>**1513 Edmonton Road**<br>**Tompkinsville, Kentucky 42167** | ) ) ) ) ) ) ) | |
| | ) | |
| **DEFENDANTS.** | ) ) | |
| **SERVE: Johnie Paul Nixon**<br>**1513 Edmonton Rd.**<br>**Tompkinsville, KY 42167** | ) ) ) ) | |
| **SERVE: Jill Nixon**<br>**1513 Edmonton Rd.**<br>**Tompkinsville, KY 42167** | ) ) ) ) ) | |

Comes the Plaintiff, Ashley Hamilton, by counsel, and for her Complaint and Jury Demand

against the above-named Defendants and their parent corporation(s) and/or parent Limited

1

Liability Companies, successor corporation(s) and/or successor Limited Liability Companies, and/or their predecessor corporation(s) and/or predecessor Limited Liability Companies, provides as follows:

## PARTIES

1. Plaintiff, Ashley Hamilton, is and at all times pertinent hereto was, a resident of Summer Shade, Metcalfe County, Kentucky.

2. Defendant Tompkinsville Drugs, LLC, (hereinafter collectively referred to as "Defendants") have their respective principal office located at 1513 Edmonton Road, Tompkinsville, Kentucky 42167 and is a Kentucky Limited Liability Corporation.  Moreover, Defendants Johnie Nixon and Jill Nixon, in their respective capacities as agents and/or employees of Defendant Tompkinsville Drugs, LLC and individual capacities, are and at all pertinent times were, residents of Monroe County, Kentucky.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. Section 1331 as this action arises under the provisions of 42 U.S.C. Section 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), the Kentucky Civil Rights Act ("KCRA"), the Americans with Disabilities Act as amended in 2008 ("ADA"), the Americans with Disabilities Act Amendments Act ("ADAAA"), and violations of the Kentucky Pregnant Workers Act ("KPWA").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**STATEMENT OF PERTINENT FACTS**

5.   Plaintiff Ashley Hamilton was hired on or around July 2019 by Tompkinsville Drugs to work as a pharmacy technician. Plaintiff was well-qualified for her position at the company as evidenced by her promotion to Durable Medical Equipment Manager around October 2021.

6.   Plaintiff went on maternity leave on or around August 29, 2022, and returned to the office on or around October 31st, 2022. When Plaintiff returned, Defendant informed her that they could no longer afford to pay both her and the assistant DME manager full-time hours and decided to reduce Plaintiff's hours who, prior to her pregnancy leave, was the manager of the assistant DME who was promoted to fill Plaintiff's former full-time position upon Plaintiff's return to work while Plaintiff was forced to work part-time hours. Defendant never gave Plaintiff an explanation for her demotion despite Plaintiff's stellar past performance and promotion to the DME manager prior to discovering she was pregnant and her need to take medical leave for her pregnancy.

7.   On November 7, 2022, Plaintiff needed to miss work due to care for her daughter who had the flu which prevented Plaintiff from taking her daughter to daycare as scheduled. Seven days after the absence, on November 14, 2022, Plaintiff was informed by Defendant Jill Nixon, management for Tompkinsville Drugs and the wife of Defendant Johnie Nixon, that the pharmacy may have to lay off a few people at the beginning of the year. However, Mrs. Nixon assured Plaintiff that she would not be off since Plaintiff had been loyal with Tompkinsville Drug, LLC since July of 2019.

8.   On November 29, 2022, Plaintiff was again approached by Jill Nixon to discuss Jill's and the company's concern about Plaintiff pumping breast milk at the office during her work hours. Prior to this conversation, Plaintiff had been pumping breast milk in her private office at Tompkinsville Drugs as needed during the workday. During the conversation with Mrs. Nixon,

3

she stated to Plaintiff that her pumping of breast milk at the office "was making other employees uncomfortable" and that the noise of the breast milk pumping machine was "disturbing other employees" at the office. Mrs. Nixon told Plaintiff she could pump breastmilk in either of the two bathrooms, in the mechanical room, or in another employee's office that was not connected to Johnie and Jill's office.

9. As a result of this conversation, Plaintiff became very upset and stated to Jill Nixon that she felt she was being treated unfairly because she had a need to pump breastmilk to feed her child and that she had been demoted upon returning to work after her pregnancy leave.

10. On December 1, 2022, Plaintiff was pulled into Johnie Nixon's office and informed by Mr. Nixon that "this was not working out," and that they tried to make Plaintiff happy and couldn't so the need to terminate Plaintiff's employment effective immediately was "nothing personal." Thereafter, Mr. Nixon stated he had "said what he wanted to say" and that Plaintiff needed to collect her things from the office and not return. Then Mr. Nixon walked out of the office giving Plaintiff no opportunity to reply to her sudden termination.

11. Defendants will allege that Plaintiff's termination was a result of performance issues and an instance where Plaintiff allegedly deleted company documents on her computer. However, no investigation was ever done regarding this alleged incident and Plaintiff was never informed of this reason by any agent and/or employee of Defendant until after Plaintiff's termination. Additionally, Plaintiff was never questioned regarding this incident and never received any written disciplinary action.

12. On December 5, 2022, Jill Nixon texted Plaintiff and asked if she could come to Tompkinsville Drugs, LLC's office the following day to "sign some exit papers, to ger her bonus, and her severance pay." On December 6, 2022, Plaintiff met with Mrs. Nixon at Tompkinsville

Drugs, LLC's office. Mrs. Nixon handed Plaintiff a separation agreement that contained a full release of all of Plaintiff's legal rights to sue Tompkinsville Drugs, LLC and its members and employees for any and all claims related to her employment including pregnancy discrimination. During the meeting Mrs. Nixon stated she shouldn't discuss anything related to Plaintiff's employment because she "could sue," and that after Plaintiff had time to rest and spend time with her kids, they would consider hiring Plaintiff back to work for the company.

13. On or about May 12, 2023, Plaintiff received her "Notice of Right to Sue" from the Equal Employment Opportunity Commission.  A copy of the "Notice of Right to Sue" Defendant Tompkinsville Drugs, LLC is attached hereto as "Exhibit A" to the Complaint.

## COUNT I

### SEX (PREGNANCY) DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE KENTUCKY CIVIL RIGHTS ACT

14.    Plaintiff realleges each and every allegation set forth in paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.    Plaintiff Hamilton, as a female, is a member of a protective class under Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act, KRS Chapter 344.

16.    Defendant Tompkinsville Drugs, LLC is an "employer" within the meaning of Title VII of the Civil Rights Act and the Kentucky Civil Rights Act, KRS Chapter 344.

17.    As more fully described in the preceding paragraphs of the Complaint, management and supervisory personnel of Tompkinsville Drugs, LLC knew that (a) Plaintiff was pregnant; and (b) when Plaintiff returned to work following her pregnancy leave she would have the need to express breast milk during the work day—i.e., expressing breastmilk is a related condition of pregnancy and childbirth.

18.    Defendant Tompkinsville Drugs, LLC violated KRS 344.040 (the Kentucky Civil Rights Act) and Title VII of the Civil Rights Act of 1964 by (a) demoting Plaintiff to a part-time position upon her return from pregnancy leave; (b) subjecting Plaintiff to harassment and retaliation for her expressing breast milk while she was working at Tompkinsville Drugs, LLC; (c) refusing to give Plaintiff her accrued bonus payment for 2022 without signing a document that released Defendants from all claims related to her employment; and (d) ultimately terminating Plaintiff's employment with Tompkinsville Drugs, LLC.

19.    As more fully described in the preceding paragraphs of the Complaint, Mrs. Nixon statements to Plaintiff that her expressing breastmilk was "making other employees uncomfortable," and that the noise of the breast milk pumping machine was "disturbing other employees," or that Plaintiff would have time to rest and spend time with her kids are all motivating factors to the adverse employment actions Plaintiff received, and support an inference that Defendant Tompkinsville Drugs, LLC was unwilling to accommodate Plaintiff and terminated her due to her pregnancy and related pregnancy conditions—i.e. expressing breast milk.

20.    As more fully described in the preceding paragraphs of the Complaint, Mr. Nixon's statement to Plaintiff upon her termination that "this was not working out," and that he tried to make Plaintiff happy and couldn't so the need to terminate Plaintiff's employment immediately was "nothing personal," also support an inference that Defendant was unwilling to accommodate Plaintiff and terminated her due to her pregnancy and related pregnancy conditions—i.e. expressing breast milk.

21.    As a direct and proximate result of Defendant Tompkinsville Drugs, LLC's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the

past, future lost wages and benefits, future medical expenses, severe mental and emotional distress, loss of enjoyment of life, personal indignity, humiliation, and other non-pecuniary losses.

## COUNT II

### VIOLATION OF THE KENTUCKY PREGNANT WORKERS ACT

22. Plaintiff repeats and re-alleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

23. Plaintiff Hamilton, as a female, is a member of a protective class under the Kentucky Pregnant Workers Act, KRS Chapter 344.

24. Defendant Tompkinsville Drugs, LLC is an "employer" within the meaning of the Kentucky Pregnant Workers Act,, KRS Chapter 344.

25. As more fully described in the preceding paragraphs of the Complaint, Mr. and Mrs. Nixon failed to provide reasonable accommodations to Plaintiff for her pregnancy related conditions— i.e. the need to express breast milk. Mrs. Nixon told Plaintiff that her pumping breast milk "made employees uncomfortable," and that the noise of the breast pumping machine was "disturbing other employees." Mrs. Nixon told Plaintiff that she needed to pump her breast milk in a different location, despite the fact Plaintiff was pumping breast milk in her private office.

26. As more fully described in the preceding paragraphs of the Complaint, Defendants failed to engage in the interactive process with Plaintiff to determine effective reasonable accommodations for her need to express breast milk at work.

27. As a direct and proximate result of Defendant Tompkinsville Drugs, LLC's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, future medical expenses, severe mental and emotional distress, loss of enjoyment of life, personal indignity, humiliation, and other non-pecuniary losses.

## COUNT III

### DISABILITY DISCRIMINATION IN EMPLOYMENT BASED ON PREGNANCY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE KENTUCKY CIVIL RIGHTS ACT

28. Plaintiff repeats and re-alleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

29. Plaintiff states that, upon information and belief, the Defendant Tompkinsville Drugs, LLC is an "covered entity" as defined in 42 U.S.C. §12111(2).

30. Plaintiff states that, upon information and belief, the Defendant Tompkinsville Drugs, LLC is an "employer" as defined in KRS §344.030(2).

31. Plaintiff states that she is an "qualified individual" as defined in 42 U.S.C. §12111(8) as Plaintiff, either with or without reasonable accommodation, is qualified and capable of performing the essential functions of the job.

32. Plaintiff states that she has/had a "disability" as defined in 42 U.S.C. §12102(1), as she has a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or was perceived and/or regarded as having such an impairment.

33. Plaintiff states that she is a "qualified individual with a disability" as defined in KRS 344.030(1).

34. Plaintiff states that as a direct result of her disability, record of disability, or Defendant Tompkinsville Drugs, LLC 's agents and/or employees having regarded or perceived her as disabled, she was discriminated against in her terms, conditions, and privileges of employment and ultimately terminated from employment in violation of the Americans with Disabilities Act, 42 U.S.C. §12112(a), and the Kentucky Civil Rights Act, KRS 344.040(1)(a).

35. As more fully described in the preceding paragraphs of the Complaint, Defendants regarded Plaintiff as disabled by stereotypically concluding that the need for the Plaintiff to express breastmilk at work and to have periodic pregnancy related absences made it impracticable for Plaintiff to perform the essential functions of her former job with Tompkinsville Drugs, LLC as she was the manager of the DME sales and the lesser job requirements of her position that she was demoted to upon returning from her pregnancy leave.

36. As more fully described in the preceding paragraphs of the Complaint, Defendants failed to engage in the interactive process with Plaintiff and failed to provide reasonable accommodations for Plaintiff to express breast milk while at work.

37. As a direct and proximate result of the aforementioned violations of the ADA and/or the Kentucky Civil Rights Act, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past and future, severe mental and emotional distress, she has incurred in the past and will continue to incur future medical expenses and other incidental expenses, and she has suffered and will continue to suffer loss of enjoyment of life, personal indignity and humiliation, and other non-pecuniary losses.

38. As a further direct and proximate result of Defendant Tompkinsville Drugs, LLC's violation of the ADA and KCRA as described in this Count of the Complaint, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT IV

### RETALIATORY HARASSMENT/RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACT AND THE KENTUCKY CIVIL RIGHTS ACT

9

39. Plaintiff repeats and re-alleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

40. Plaintiff states that, upon information and belief, the Defendant Tompkinsville Drugs, LLC is an "covered entity" as defined in 42 U.S.C. §12111(2).

41. Plaintiff states that, upon information and belief, the Defendant Tompkinsville Drugs, LLC is an "employer" as defined in KRS §344.030(2).

42. Plaintiff states that she is an "qualified individual" as defined in 42 U.S.C. §12111(8) as Plaintiff, either with or without reasonable accommodation, is qualified and capable of performing the essential functions of the job.

43. Plaintiff states that she has a "disability" as defined in 42 U.S.C. §12102(1), as she has a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or was perceived and/or regarded as having such an impairment.

44. Plaintiff states that she is a "qualified individual with a disability" as defined in KRS 344.030(1).

45. Plaintiff engaged in activity protected by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.,* and the Kentucky Civil Rights Act, KRS Chapter 344, when she requested to be accommodated for the purpose of expressing breast milk while at work upon her return to work from her pregnancy leave on October 31, 2022 and on November 29, 2022 when Plaintiff stated to Defendant Jill Nixon that she felt she was being treated unfairly simply because she had a need to pump breast milk at work to feed her child and that she had been wrongfully demoted upon returning to work after her pregnancy leave.

46. After Plaintiff requested reasonable accommodations from agents or employees of the Defendant Tompkinsville Drugs, LLC including Defendant Jill Nixon and Defendant Johnie

Nixon, Plaintiff experienced retaliatory harassment at the hands of agents or employees of the Defendant Tompkinsville Drugs, LLC and more specifically Defendant Jill Nixon and Defendant Johnie Nixon, including, but not limited to, terminating Plaintiff on December 1, 2022, and refusing to pay her an accrued bonus on or about December 6, 2022.

47. There is a causal connection between Plaintiff's protected activity and the retaliatory acts taken against Plaintiff by both Defendant Johnie and/or Defendant Jill Nixon, both individually and in their respective positions as management level employes or members of Defendant Tompkinsville Drugs, LLC.

48. Defendant Tompkinsville Drugs, LLC violated the Americans with Disabilities Act, 42 U.S.C. §12203, and the Kentucky Civil Rights Act, KRS §344.280 [Defendant Jill Nixon and Defendant Johnie Nixon also violated KRS 344.280 in their individual capacities], by engaging in a pattern of retaliatory conduct, harassment and ultimately terminating Plaintiff for engaging in "protected activities" within the meaning of the Americans with Disabilities Act and the Kentucky Civil Rights Act.

49. As a direct and proximate result of the Defendants' unlawful conduct as alleged in this Count of the Complaint, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past and future, severe mental and emotional distress, past and future medical expenses, and other incidental expenses, and has further suffered and will continue to suffer loss of enjoyment of life, personal indignity and humiliation, and other non-pecuniary losses.

50. As a further direct and proximate result of Defendants' violation of the ADA and KCRA as described in this Count of the Complaint, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with

Defendants and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

        **WHEREFORE**, Plaintiff Hamilton demands judgment against Defendants, either jointly and/or severally, as follows:

1.      Judgment against the Defendant Tompkinsville Drugs, LLC in an amount sufficient to fully compensate Plaintiff for her lost wages and benefits in the past, for her future lost wages and benefits, her medical expenses incurred in the past and future medical expenses, for her severe mental and emotional distress, personal indignity, humiliation, and other non-pecuniary losses suffered as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, the Kentucky Civil Rights Act, the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, and the Kentucky Pregnant Workers Act, as alleged herein;

2.      Judgment against the Defendant Johnie Nixon and/or Defendant Jill Nixon, both individually and in their respective positions as management level employees or members of Defendant Tompkinsville Drugs, LLC., in an amount sufficient to fully compensate Plaintiff for her lost wages and benefits in the past, for her future lost wages and benefits, her medical expenses incurred in the past and future medical expenses, for her severe mental and emotional distress, personal indignity, humiliation, and other non-pecuniary losses suffered as a result of Defendant Johnie Nixon's and/or Defendant Jill Nixon's violation of KRS 344.280 as alleged herein;

3.      For her costs expended herein;

4.      For her reasonable attorney's fees as provided for by statute;

5.      For a trial by jury;

6.      For pre-judgment and post-judgment interest at the prevailing legal rate;

7.      For leave to amend the pleadings as proof develops; and

8.      For any and all other relief that she may be entitled to under the law.

                        Respectfully submitted,

                        /s/     *Charles W. Miller*
                        Charles W. Miller
                        **CHARLES W. MILLER & ASSOCIATES**
                        Waterfront Plaza, Suite 2104
                        325 West Main Street

Louisville, KY  40202
(502) 583-2300
(502) 583-2323 (fax)
cmiller@cwmassociates.com
**COUNSEL FOR PLAINTIFF**