UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00066-GNS

ASHLEY HAMILTON                                                                                       PLAINTIFF

v.

TOMPKINSVILLE DRUGS, LLC;
JOHNIE NIXON; and
JILL NIXON                                                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 7). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.   STATEMENT OF FACTS AND CLAIMS

Plaintiff Ashley Hamilton ("Hamilton") was employed by Defendant Tompkinsville Drugs, LLC where she worked under managers Johnie and Jill Nixon (collectively "Defendants") from July 2019 until December 1, 2022, when she was terminated. (Compl. ¶¶ 5, 10, DN 1). Hamilton alleges that she went on maternity leave in August 2022 and that when she returned on October 31, 2022, Defendants demoted her, treated her unfairly because of her need to pump breast milk, did not accommodate her need to pump breast milk, and terminated her when she complained. (Compl. ¶¶ 6, 8-10). Hamilton received a Notice of Right to Sue from the Equal Employment Opportunity Commission and subsequently filed this action, asserting claims for sex discrimination (Count I), violation of the Kentucky Pregnant Workers Act (Count II), disability discrimination (Count III), and retaliatory harassment/retaliation (Count VI). (Compl. ¶¶ 13-50).

1

## II.     JURISDICTION

This Court exercises subject matter jurisdiction over this action through federal question jurisdiction and supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367(a).

## III.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV.     DISCUSSION

### A.     Sex Discrimination (Count I)

Hamilton brings the sex discrimination claim against Defendants under both Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act ("KCRA"). (Compl. ¶¶ 14-21). She alleges that Defendants demoted her after she returned from maternity leave and that they terminated her because of her pregnancy and need to pump breast milk. (Compl. ¶¶ 18-19). Title VII prohibits sex discrimination, which includes discrimination based on "pregnancy, childbirth,

or related medical conditions . . . ." 42 U.S.C. §§ 2000e(k), 2000e-2(a)(1). To prevail on a pregnancy discrimination claim, a plaintiff must show that "(1) 'she was pregnant'; (2) 'she was qualified for her job'; (3) 'she was subjected to an adverse employment decision'; and (4) 'there is a nexus between her pregnancy and the adverse employment decision.'" *Johnson v. Evolent Health, LLC*, No. 22-5574, 2023 WL 2326676, at *4 (6th Cir. Mar. 2, 2023) (quoting *Prebilich-Holland v. Gaylord Ent. Co.*, 297 F.3d 438, 442 (6th Cir. 2002)).

Defendants move to dismiss Hamilton's entire federal sex discrimination claim[1] based on only some of the facts that she alleges in her Complaint. They contend that because breastfeeding is not a related medical condition of pregnancy or childbirth, Hamilton's allegations that she was terminated because of her need to pump breast milk are insufficient to support the claim. (Defs.' Mem. Supp. Partial Mot. Dismiss 6-7, DN 7-1 [hereinafter Defs.' Mem.]). Hamilton's allegations can support a sex discrimination claim, however, because she also alleges that she had been performing well and had been promoted but upon returning from her maternity leave, her hours were reduced, she was demoted to a part-time position, and she was replaced by an employee that she previously managed. (Compl. ¶¶ 6, 18). *See Johnson*, 2023 WL 2326676, at *4; *Fan v. Fuyao Auto. N. Am., Inc.*, No. 19-CV-11613, 2021 WL 5444756, at *1, *3, *5 (E.D. Mich. July 26, 2021) (holding that the plaintiff had established a *prima facie* case of pregnancy discrimination where she had been excelling at her job but was laid off soon after returning from maternity leave). Accordingly, Defendants' motion is denied as to the sex discrimination claim.

---

[1] Defendants do not move to dismiss Hamilton's KCRA sex discrimination claim. (Defs.' Mem. 2 n.1).

3

### B. Violation of the Kentucky Pregnant Workers Act (Count II)

Hamilton alleges that Defendants violated the Kentucky Pregnant Workers Act because they failed to provide reasonable accommodations for her need to pump breast milk and failed to engage in the interactive process necessary to do so. (Compl. ¶¶ 25-26). The Kentucky Pregnant Workers Act, passed in June 2019, added an additional section to the KCRA that classifies "fail[ing] to make reasonable accommodations for any employee with limitations related to pregnancy, childbirth, or a related medical condition who requests accommodation" as an unlawful practice. KRS 344.040(1)(c). The Act requires, *inter alia*, that the employer and employee engage in a "timely, good faith, and interactive process to determine effective reasonable accommodations . . . ." KRS 344.040(1)(c)(2). A "reasonable accommodation" for "limitations related to her pregnancy, childbirth, or related medical conditions" is defined to include a "private space that is not a bathroom for expressing breast milk . . . ." KRS 344.030(6)(b).

Defendants first argue that the claim should be dismissed because Hamilton did not allege that she requested accommodation. (Defs.' Mem. 8-10). That argument fails because Hamilton specifically alleges that she requested accommodations to pump when she returned to work on October 31, 2022. (Compl. ¶ 45-46). Defendants further contend that Hamilton's claim must be dismissed because her Complaint demonstrates that Defendants did offer her reasonable accommodation. (Defs.' Mem. 10-12). Taking Hamilton's factual allegations as true, she requested accommodation when she returned from maternity leave and had been pumping in her private office when Defendants suggested that Hamilton pump in the bathrooms, the mechanical room, or in another employee's office, none of which were reasonable according to Hamilton. (Compl. ¶¶ 8, 25, 45-46). Defendants argue that Hamilton's office was shared and not private but that the mechanical room and the other employee's office, Defendants' non-bathroom

accommodations, were.  (Defs.' Mem. 11).  Whether those options afforded Hamilton the privacy and facilities she needed to pump are factual disputes that cannot be resolved on a motion to dismiss.  *See Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 419 (6th Cir. 2020) ("The reasonableness of a proposed accommodation is a question of fact." (citation omitted)).

Defendants similarly assert that Hamilton's claim must fail because Defendants participated in the interactive process in good faith but Hamilton became upset and ended the interactive process.  (Defs.' Mem. 2, 5, 8, 19; Defs.' Reply Partial Mot. Dismiss 7-8, DN 15).  Hamilton alleges that a conversation with Defendants about how her pumping was making people "uncomfortable" and that the noise was "disturbing" them caused her to become upset.  (Compl. ¶¶ 8-9, 25).  "When a party obstructs the process or otherwise fails to participate in good faith, 'courts should attempt to isolate the cause of the breakdown and then assign responsibility[,]'" but that is a fact-specific inquiry that likewise cannot be resolved at this stage.  *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir. 2007) (quoting *Bultemeyer v. Fort Wayne Cmty. Sch.*, 100 F.3d 1281, 1285 (7th Cir. 1996)) (evaluating good faith on a review of a grant of summary judgment); *Milam v. ASCAP*, No. 3:23-CV-00238, 2023 WL 5673953, at *8 (M.D. Tenn. Sept. 1, 2023) (denying a motion to dismiss where it was unclear which party's behavior caused the interactive process to breakdown).[2]  Accordingly, Defendants' motion is denied as to the Kentucky Pregnant Workers Act claim.

---

[2] Kentucky courts have not yet interpreted the Kentucky Pregnant Workers Act's interactive process requirement.  Because Kentucky courts interpret the KCRA "consistent with the analogous federal anti-discrimination statutes," the Americans with Disabilities Act's interactive process requirement is instructive.  *See Charalambakis v. Asbury Univ.*, 488 S.W.3d 568, 575 (Ky. 2016) (citations omitted).

C. **Disability Discrimination (Count III)**

Hamilton brings her disability discrimination claim under both the Americans with Disabilities Act ("ADA") and the KCRA, alleging that Defendants discriminated against her because she needed to pump breastmilk at work and that they failed to accommodate her request to do so. (Compl. ¶¶ 28-38). "Title I of the Americans with Disabilities Act . . . prohibits 'covered' employers from 'discharging' an employee because the employee is disabled, because the employee has a record of being disabled, or because the employer 'regards' the employee as disabled." *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 318 (6th Cir. 2019) (quoting 42 U.S.C. §§ 12102(1), 12112(a)). Hamilton is proceeding on the third theory, which requires plaintiffs to show that "their employer believed they had a 'physical or mental impairment,' as that term is defined in federal regulations." *Id.* at 319; (*see* Pl.'s Resp. Defs.' Partial Mot. Dismiss 19, DN 13).[3] Under federal regulations, while pregnancy-related complications may constitute an "impairment," "[o]ther conditions, such as pregnancy, that are not the result of a physiological disorder" do not qualify. 29 C.F.R. app. § 1630.2(h) (2016). Consequently, a normal pregnancy and its attendant conditions cannot support a "regarded as" disability discrimination claim. *See Spees v. James Marine, Inc.*, 617 F.3d 380, 396 (6th Cir. 2010); *Latowski v. Northwoods Nursing Ctr.*, 549 F. App'x 478, 487 (6th Cir. 2013); *Ramirez v. Bolster & Jeffries Health Care Grp.*, LLC, 277 F. Supp. 3d 889, 907 (W.D. Ky. 2017). Hamilton alleges that she was pregnant and returned

---

[3] The Americans with Disabilities Act was amended in 2009 and now allows a "regarded as" disabled claim "whether or not the impairment limits or is perceived to limit a major life activity." *Babb*, 942 F.3d at 319 (emphasis omitted) (quoting 42 U.S.C. § 12102(3)(A)). The KCRA has not been amended, so Kentucky courts look to pre-2009 case law to interpret it. *See Hernandez v. Mayfield Consumer Prod., LLC*, No. 2020-CA-0459-MR, 2021 WL 223530, at *5 (Ky. App. Jan. 22, 2021). Because the amendment did not change whether pregnancy could support a "regarded as" disabled claim, the claims are addressed together. *See Spees*, 617 F.3d at 396 (applying pre-amendment ADA and noting that a pregnancy cannot support a "regarded as" disabled claim).

from her maternity leave with the need to pump breastmilk; she does not allege that she suffered from—or that Defendants believed she suffered from—any pregnancy or childbirth complications that were the result of a physiological disorder. (Compl. ¶¶ 5-13, 28-38). Accordingly, Hamilton fails to state a cognizable claim for disability discrimination for which she can recover, and the motion is granted as to this claim.

### D.   Retaliatory Harassment/Retaliation (Count IV)

Hamilton asserts retaliation claims under Title VII, the ADA, and the KCRA based on her request for accommodation, her complaint that she was treated unfairly because she needed to pump breast milk at work, and her complaint that she was demoted after she returned from maternity leave. (Compl. ¶¶ 39-50). Defendants move to dismiss Hamilton's retaliation claim based on her request for accommodation because she did not request accommodation and because Defendants offered her accommodations. (Defs.' Mem. 22-23). As addressed above, because Hamilton alleges that she did request accommodation and because whether the offered accommodations were reasonable cannot be resolved at this juncture, the motion is denied as to Hamilton's retaliation claims. (Compl. ¶¶ 45-46); *Fisher*, 951 F.3d at 419.

### V.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (DN 7) is **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

February 9, 2024

cc:   counsel of record